UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

STEVEN POCHE, ET AL.                                    CIVIL ACTION

VERSUS                                                        NO. 23-1327

CANADIAN NATIONAL RAILWAY                     SECTION "R" (1)
COMPANY, ET AL.

## ORDER AND REASONS

Before the Court is defendants Canadian National Railway Company ("CNRC") and Illinois Central Railroad Company's ("Illinois Central") unopposed motion to remand.[1]  For the following reasons, the Court grants the motion.

## I.  BACKGROUND

Plaintiffs filed this action in Louisiana state court on November 2, 2022.[2]  In their complaint, plaintiffs allege that a train, operated by an employee of CNRC, was hauling hydrochloric acid in St. James Parish.[3]  Plaintiffs further allege that CNRC and its employee operated the train

---

[1]   R. Doc. 7.
[2]   R. Doc. 1-1.
[3]   *Id.*

negligently, causing it to derail.[4]  As a result of the derailment, plaintiffs claim that they suffered personal and economic injuries.[5]

Illinois Central filed a petition for intervention to unite with CNRC to defend the action, asserting that it has a justiciable interest in the proceeding because it was the carrier of the railroad car and the owner of the railroad tracks involved in the derailment.[6]  CNRC and Illinois Railroad then removed this matter to the Eastern District of Louisiana on April 20, 2023.[7] In their notice of removal, defendants contend that this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship and the amount in controversy exceeds the $75,000 statutory threshold.[8]  Although the original state court complaint averred that the amount in controversy was less than $75,000, defendants assert that the recent addition of Cary and Kathy Washington ("Washington plaintiffs") as intervening plaintiffs offers grounds for removal.  According to defendants, the Washington plaintiffs' complaint expanded the injuries encompassed in the original complaint and notably did not adopt the portion of the original complaint limiting the amount in controversy to under

---

[4]    *Id.*
[5]    *Id.*
[6]    R. Doc. 1.
[7]    *Id.*
[8]    *Id.*

$75,000.[9]  With the addition of the Washington plaintiffs' claims, defendants assert that the damages sought "may reasonably exceed $75,000," thus satisfying the amount-in-controversy threshold for diversity jurisdiction.

On May 2, 2023, the Washington plaintiffs filed a binding stipulation stating that they "will neither seek nor accept an award of damages in excess of $75,000," and renouncing their right to accept a judgment in excess of that amount.[10]  Defendants now move to remand the action to state court in accordance with the stipulation.[11]  Plaintiffs consent to the motion.[12]

The Court considers the motion below.


## II.   LEGAL STANDARD

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action.  *See* 28 U.S.C. § 1441(a).  The removing party bears the burden of showing that federal jurisdiction exists.  *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).  In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition

---

[9]      *Id.*
[10]     R. Doc. 6.
[11]     R. Doc. 7.
[12]     *Id.*

that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. *See, e.g.*, *Manguno v. Prudential Prop. & Cas. Ins.*, 276 F.3d 720, 723 (5th Cir. 2002); *see also St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938) ("The intent of Congress drastically to restrict federal jurisdiction in controversies between citizens of different states has always been rigorously enforced by the courts."). Though the Court must remand the case to state court if at any time before the final judgment it appears that it lacks subject matter jurisdiction, the Court's jurisdiction is fixed as of the time of removal. 28 U.S.C. § 1447(c); *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996).

For diversity jurisdiction to exist, the amount in controversy must exceed $75,000, and there must be complete diversity between plaintiffs and defendants. *See* 28 U.S.C. § 1332(a); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). Under Fifth Circuit law, if a plaintiff pleads damages less than the jurisdictional amount, this figure will generally control and bar removal. *See Allen,* 63 F.3d at 1335. If a defendant can show by a preponderance of the evidence that the amount in controversy exceeds $75,000, then removal is proper. *See Simon v. Wal-Mart Stores, Inc.,* 193 F.3d 848, 850 (5th Cir. 1999); *Allen,* 63 F.3d at 1335. But if the plaintiffs establish with legal certainty that the claims are for less than $75,000, then

they can defeat removal. *See De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1411-12 (5th Cir. 1995); *see also Allstate Fire & Cas. Ins. Co. v. Love*, 71 F.4th 348, 355 n.4 (5th Cir. 2023) (affirming same).

Additionally, "post-removal affidavits may be considered in determining the amount in controversy at the time of removal . . . if the basis for jurisdiction is ambiguous at the time of removal." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). But "if it is facially apparent from the [state court complaint] that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction." *Id.* (citations omitted).

## III.  DISCUSSION

As a threshold matter, plaintiffs' decision not to oppose defendants' remand motion "alone provides sufficient grounds to remand." *Brown v. Heintz*, No. 16-13697, 2017 WL 604034, at *2 (E.D. La. Feb. 15, 2017) (collecting cases); *see also Jackson v. City of New Orleans*, No. 95-1340, 1995 WL 599046, at *1 (E.D. La. Oct. 10, 1995) (holding that plaintiff's remand motion "could be granted as unopposed").

Further, it is not facially apparent from the original petition or the Washington plaintiffs' intervening petition that the jurisdictional amount is satisfied. The original plaintiffs stated that each of their claims involved less than $75,000.[13] The Washington plaintiffs have stipulated that they will not seek or accept more than $75,000 in damages.[14] Defendants do not contest the stipulation, nor do they offer evidence that the amount in controversy in this matter exceeds $75,000. Based on the foregoing factors, the Court finds that the jurisdictional amount is not satisfied, and the case must be remanded. *See De Aguilar*, 47 F.3d at 1406 ("Post-removal affidavits sometimes can be relevant where the jurisdictional amount question is unresolved."); *Guillory v. Chevron Stations, Inc.*, No. 03-2385, 2004 WL 1661201, at *2 (E.D. La. July 22, 2004) ("Given that the amount in controversy is not facially apparent from the complaint and [defendant's] inability to show by a preponderance of the evidence that more than $75,000 is in controversy, the Court credits [plaintiff's] affidavit.").

---

[13]   R. Doc. 1-1 at 5.
[14]   R. Doc. 6.

## IV.   CONCLUSION

For the foregoing reasons, the Court GRANTS defendants' motion to remand.

New Orleans, Louisiana, this __25th__ day of July, 2023.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE